**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

BRIAN C. HOWARD, M.D., and
SUZANNE HOWARD,

                Plaintiffs,

vs.

ZIMMER, INC.,

                Defendant.

Case No.02-CV-564-CVE-FHM

**OPINION AND ORDER**

Defendant's Motion for Spoliation Sanctions, [Dkt. 188], has been referred to the undersigned United States Magistrate Judge for decision. The matter has been fully briefed.

**Factual Background**

This case has a long legal history which is well documented in numerous court opinions and in the parties' briefing. The history will not be repeated here, except to provide a simplified statement of facts which are not in dispute and which are necessary to an understanding of the motion and the parties' positions.

In June 2000 Dr. Howard had a knee replacement surgery in which the subject device, the NK-II, manufactured by Defendant was implanted. Dr. Howard experienced problems and in March 2001, the NK-II was removed. In 2002 suit was filed in this Court. The case was transferred from this Court to Ohio for multi-district litigation (MDL) pre-trial proceedings. While the matter was pending before the Court in Ohio, Plaintiffs' counsel took possession of the NK-II device and sent it to a lab, Chemir, for testing. Defendant was not given notice of the testing and therefore did not participate in the testing or otherwise inspect the device. Chemir generated a report, (the Chemir Report), dated June 27, 2003. During the entire pendency of the case in Ohio, case specific discovery was

stayed. As a result, the Chemir Report was provided to Defendant on June 14, 2004, but no request was made by Defendant to inspect or test the device.

On July 1, 2010, Plaintiffs' counsel were advised that the device was destroyed on June 23, 2009 by Chemir. The case was transferred back to this Court on February 29, 2011. In June 2013, Plaintiffs' counsel informed Defendant and the Court that the device was destroyed. Defendant has not tested or inspected the device during the course of this lawsuit.

Defendant seeks an order:[1]

> excluding the Chemir Report and all expert testimony relying upon it, and barring Plaintiffs from introducing any evidence or argument asserting that Dr. Howard's implant tested positive for at least two or more hydrocarbon components that are normally associated with mineral oil.

[Dkt. 189, p. 19].

## Discussion

Spoliation sanctions for the destruction of evidence are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence. *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir.2009), *103 Investors I, L.P. v. Square D. Co.*, 470 F.3d 985, 989 (10th Cir. 2006). Essentially the same rule applies under Oklahoma law. *See Barnett v. Simmons*, 197 P.3d 12, 18-20

---

[1] The Court has granted Defendant's motion to exclude the Chemir Report and the expert testimony which relies on that report on the basis of the unreliability of the methodology employed in the testing. [Dkt. 220]. Therefore, the question of whether the Chemir Report and related testimony should be excluded has been decided and the sanction issue may be considered moot. However, since there may be an appeal, the undersigned has proceeded to address the spoliation sanction issue.

(Okla. 2008) (setting out duty to preserve evidence and finding bad faith showing not required to sanction destruction or alteration of relevant evidence).

Plaintiffs' argument against the exclusion of the Chemir Report as a spoliation sanction is centered around demonstrating that neither Plaintiffs nor their counsel engaged in bad faith in the destruction of the device. However, a showing of bad faith is not required to impose a sanction for spoliation. Therefore, the absence of bad faith does not present a reason for denying Defendant's motion. The degree of culpability may be considered in fashioning an appropriate remedy in some cases.

The device was tested after Plaintiffs filed suit, so there is no dispute that the first requirement has been met. Plaintiffs had the duty to preserve the device. Further there is no question that the NK-II is highly relevant to the case as it is the sole subject of the lawsuit. Plaintiffs' claims and all defenses directly involve the device. Accordingly, the only questions are: 1) whether Defendants have been prejudiced by the destruction of the device; and 2) whether exclusion of the Chemir Report and all testimony relying on that report is an appropriate sanction. The undersigned answers both questions in the affirmative.

The only claim remaining in this lawsuit is Plaintiffs' claim that Defendant violated Food and Drug Administration (FDA) Good Manufacturing Procedures (GMPs). Plaintiffs assert that violation of the GMPs is demonstrated by the presence of one or more hydrocarbons associated with mineral oil as shown in the Chemir Report which was generated by testing the NK-II device removed from Dr. Howard. It is obvious that the destruction of the device has made it impossible for Defendant to conduct its own testing to attempt to directly refute the results of the Chemir Report. The inability to test the device

is not merely a theoretical prejudice as Defendant has severe criticisms of the testing methodology which, in fact, resulted in the exclusion of the Chemir Report and related testimony on the basis of a *Daubert* challenge. [Dkt. 220]. In addition, according to Defendant's expert witness Dr. Hayes, testing the device is necessary to quantify the degree of bony ingrowth and to evaluate whether the presence of any oil affected bony ingrowth. The undersigned is not persuaded by Plaintiffs' argument that Defendant has not been prejudiced because Defendant has the ability to overcome the loss of the device for testing through criticism of the testing techniques. That argument misses the point which is that Plaintiffs are afforded an unfair advantage when they have had the opportunity to examine and test the critical piece of evidence in the case and Defendant has not had that opportunity.

The undersigned rejects Plaintiffs' argument that exclusion of the Chemir report on the basis that the device was destroyed is unfair because Defendant did not ask to test the device until the case had been pending a decade. Case specific discovery was stayed the entire time the case was part of the MDL in Ohio. (November 2003 through February 2011). Under the circumstances of this case, the undersigned is not critical of either side for focusing on the legal aspects of the case rather than physical discovery of the subject device.

The undersigned is not persuaded that the Chemir Report should not be excluded because of the harmful effect exclusion of the evidence would have on Plaintiffs' ability to present their case. The undersigned finds that fairness demands that, regardless of the effect on Plaintiffs' case, the Chemir Report and related testimony must be excluded. If the results of testing of the device is beyond the reach of one party, that should be the

4

case for both parties. See *103 Investors I, L.P.,* 470 F.3d at 989 (testimony regarding destroyed evidence properly excluded to balance out prejudice caused by destruction of relevant evidence), *Estate of Trentadue v. U.S.*, 397 F.3d 840, 862 (10th Cir. 2005)(court has discretion to fashion an appropriate remedy). The undersigned can conceive of no other effective sanction and Plaintiffs have not suggested any.

It is unfortunate in this case that the term sanction is used to describe the exclusion of evidence. The term sanction implies some sort of penalty. The order that the Chemir Report be excluded is not made to impose a penalty but to level the playing field.

## Conclusion

Defendant's Motion for Spoliation Sanctions, [Dkt. 188], is GRANTED, the Chemir Report and all related testimony is excluded from the trial of this matter and dispositive motions on the basis that the device was destroyed without giving Defendant the opportunity to participate in testing, perform its own testing, or inspection of the device.

SO ORDERED this 13th day of March, 2014.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5